# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIUS P. LEISURE II,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    No. 21-cv-1769 |
| JACQUELINE PFURSICH, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                      April 21, 2021
**United States District Judge**

      Plaintiff Junius P. Leisure II, an inmate in state custody at SCI-Fayette, has filed this civil action naming as Defendants Jacqueline Pfursich, the Clerk of Court of Lancaster County, and Debra Rand, an Assistant Counsel with the Pennsylvania Department of Corrections. Leisure seeks to proceed *in forma pauperis*. For the following reasons, the Court grants Leisure leave to proceed *in forma pauperis* and dismisses his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

      Leisure's Complaint, which he labeled a "Motion for the Stoppage of Deductions and for the Return of Money to the Petitioner's Account" is brief. He asserts a Fourteenth Amendment due process claim and a claim under the Pennsylvania Constitution against the Defendants because they have "unlawfully garnished the personal gifts provided by the Family and Friends of the Petitioner [sic]. *See* Mot. 1, 3, ECF No. 2.[1] Specifically, he contends that SCI-Fayette has unlawfully deducted 20% of his inmate account and sent the funds to Defendant Pfursich

---

[1]     The Court adopts the pagination supplied by the CM/ECF docketing system.

because the Lancaster County Clerk of Court notified the Pennsylvania Department of Corrections ("DOC") that he owed $2,216 in court costs. *See id.* at 2. Leisure, however, maintains that at no time did the judge in his criminal case consider his ability to pay fines, court costs and restitution. *See id.* Citing a Pennsylvania statute and criminal rule, he also asserts that neither the DOC nor the sentencing judge ever held a hearing to determine his ability to pay. *See id.* (citing 42 Pa. Cons. Stat. § 9730, Pa. R. Crim. P. 706). He also appears to assert a separate constitutional violation arising from the Pennsylvania Legislature's amendment to § 9730, occurring after his date of conviction, that retroactively raised a 20% deduction to 25%. *See id.* at 3, Ex. G (DOC letter to all inmates dated January 7, 2020 advising that § 9728(b)(5), also known as Act 84, which gives the DOC authority to deduct inmate funds to satisfy fines, costs and restitution, was amended effective January 15, 2020, to require deductions be at least 25% of deposits made to inmate accounts). Leisure alleges that the deductions from his prison account are creating a financial burden he cannot afford. *See id.* He seeks an order to stop the garnishment of his account and a full reimbursement of monies taken from his personal gifts. *See id.* at 4.

Attached as an exhibit to Leisure's Complaint is an Order entered on November 16, 2020 by the Honorable David L. Ashworth, President Judge of the Court of Common Pleas of Lancaster County dismissing a case Leisure filed in that Court styled as a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9543, and subtitled a "Motion for the Stoppage of Deductions and for the Return of Money to the Petitioner's Account." *See* Order 11/16/2020, ECF No. 2-1 (*Commonwealth v. Leisure*, CP-36-CR-0006046-2015 (C.P. Lancaster)). The Court states in the Order,

> As the Court has advised [Leisure] in several prior Orders in this matter, this Court, as a Court of Common Pleas lacks subject matter jurisdiction to consider

such a request as the Commonwealth Court has original, exclusive jurisdiction over inmate complaints implicating the authority of the [DOC] to deduct monies from prison accounts for the payment of fines and costs, pursuant to Act 84.

*See id.* at 24-25.

A review of public records[2] reveals that Leisure entered a *nolo contendere* plea to charges of indecent assault on a person less than 13 years of age, corruption of a minor, and unlawful contact with a minor on June 23, 2016. *Commonwealth v. Leisure*, CP-36-CR-0006046-2015 (C.P. Lancaster). That same day he was sentenced to be incarcerated for consecutive terms of 3 to seven years and 18 months to 5 years. *See id.* (docket sheet at page 4.) The docket also reflects the entry of a civil judgment on July 7, 2016 for the penalties assessed for the conviction. *See id.* at 6. The total assessment was $2,604.53, constituting restitution in the amount of $1,000, fines of $100, and court costs of $1,504.53. *See id.* at 22.

The docket reflects that on June 15, 2018, Judge Ashworth entered an Order denying Leisure's "Request to Stop 20% Deduction and Return from Inmate's Account." *See id.* at 7. A similar Order was entered on September 5, 2018 when Leisure refiled his Motion. *See id.* at 8. The docket further reflects that on December 6, 2018, the Commonwealth Court entered an Order dismissing a case Leisure filed in that Court seeking the same relief. *See id.* at 9; *Leisure v. Dep't of Corr. of Pennsylvania*, No. 417 M.D. 2018 (Pa. Commw. Ct. Dec. 6, 2018). That decision was affirmed by the Pennsylvania Supreme Court on August 20, 2019. *See id.* at 13; *Leisure v. Dep't of Corr. of Pennsylvania*, 214 A.3d 638 (Pa. 2019). As noted, on November 16, 2020, Judge Ashworth entered an order denying another Motion filed by Leisure seeking the same relief. *See id.* at 16.

---

[2] The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, Civ. A. No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006))

## II. STANDARD OF REVIEW

The Court grants Leisure leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Leisure is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Fourteenth Amendment Claim

Leisure seeks to assert a Fourteenth Amendment due process claim. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[3] However, as Leisure is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only defendants Leisure has named are Jacqueline Pfursich, the Clerk of Court of Lancaster County, and Debra Rand, an assistant counsel for the DOC. Other than naming Rand in the caption of the Complaint, Leisure never mentions her again or describes how she acted to violate his due process rights. For this reason, the claims against Rand must be dismissed since Leisure has failed to allege any facts from which the Court could conclude that he can state a claim to relief against Rand that is plausible on its face

The only allegation against Pfursich is that, as Clerk of Court, she notified the DOC of the amount assessed against Leisure due to his conviction but "with No Order from the Sentencing Judge." *See* Compl. at 2. The allegations against Pfursich also fail to state a plausible claim. Courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See, e.g.*, *Lucarelli v. Norton*, Civ. A. No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial official whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and

quasi judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit.") As the public records reflect that Leisure was ordered to pay fines, restitution, and costs as part of his sentence, Defendant Pfursich enjoys absolute immunity for the required act of transmitting the record of those assessments to the DOC for collection in accordance with Act 84, 42 Pa. Cons. Stat. § 9728(b)(3) ("The county clerk of courts *shall*, upon sentencing, pretrial disposition or other order, transmit to the Department of Probation of the respective county or other agent designated by the county commissioners of the county with the approval of the president judge of the county and to the county correctional facility to which the offender has been sentenced or to the Department of Corrections, whichever is appropriate, copies of all orders for restitution and amendments or alterations thereto, reparation, fees, costs, fines and penalties.") (emphasis added).

Even if Leisure was able to name an appropriate defendant, his due process claim fails for an additional reason: the due process claim is clearly barred by *res judicata.* That doctrine "bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit." *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citing *Duhaney v. Att'y Gen.,* 621 F.3d 340, 347 (3d Cir.2010); *see also Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) ("*[R]es judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants."). To determine whether the judgment in the Commonwealth Court precludes Leisure's claims in the instant case, the Court "must give the same preclusive effect to

the judgment . . . that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2016).

As recognized by the Supreme Court of Pennsylvania, the doctrine of *res judicata*:

> bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Id.* (citing *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (1995)) (citation omitted) (emphasis omitted). Under Pennsylvania law, *res judicata* applies when the prior action and the subsequent action share the following four factors in common: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Id.* (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (1974)). Additionally, "[f]or relitigation to be precluded, Pennsylvania law requires that the prior determination be 'on the merits.'" *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989) (quoting *Ross v. Bowlby*, 509 A.2d 332 (1986)). *Res judicata* in Pennsylvania "'bars the relitigation of issues that either were raised or could have been raised in the prior proceeding.'" *Khalil v. Cole*, 240 A.3d 996, 1001-02 (Pa. Super. Ct. 2020) (quoting *McArdle v. Tronetti*, 426 Pa.Super. 607, 627 A.2d 1219, 1222 (1993) (citations omitted; emphasis added)). This has long been the case. *Id.* (citing *Miller v. Dierken*, 41 A.2d 438, 439 (Pa. Super. Ct. 1945) ("In our opinion, the doctrine of *res judicata*, which is applicable here, covers all matters which *could have been raised* or presented in the former action as well as those actually litigated." (citations omitted; emphasis in original)). As Leisure could have brought his due process claim in his prior case against the DOC – Defendant Rand's employer – in the Commonwealth Court, the judgment against him in that court bars subsequent litigation.

### B. Claim Under the Pennsylvania Constitution

The Complaint also purports to bring a claim under the Pennsylvania Constitution. However, to the extent Leisure seeks money damages, as there is no private right of action for damages under the Pennsylvania Constitution, the claim is dismissed as implausible. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."). To the extent the Pennsylvania Constitution claim seeks non-monetary relief in the form of an order directing Defendants to stop the garnishment of his account, that claim is also barred by *res judicata* for the reasons already stated.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Leisure's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As the claims are barred by quasi-judicial immunity and *res judicata*, and thus any attempt at amendment would be futile, the dismissal is with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.") An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge